## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**FREDERICK LARRY ROSS, JR.**              **CIVIL ACTION**

**VERSUS**

**RYAN TAYLOR, ET AL**              **24-743-JWD-RLB**

### ORDER

The *pro se* Plaintiff, an inmate confined at the Hunt Correctional Center, St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Ryan Taylor and Uchey Njoku complaining that his constitutional rights were due to the use of excessive force.

The plaintiff's claims need clarification and further elaboration. As such, the plaintiff will be given an opportunity to state his best case and will be ordered to amend his Complaint as set forth below.

### Personal Involvement

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held

liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

In the instant matter, the plaintiff has named Uchey Njoku as a defendant but has not alleged any action or inaction whatsoever on the part of this defendant. Though plaintiff does mention two other officers, Plaintiff's Complaint is devoid of any factual allegations regarding defendant Njoku.

**Excessive Force**

With regards to the plaintiff's claim that defendant Taylor utilized excessive force, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not

lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding this, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

Additionally, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. *See Whitley v. Hanna,* 726 F.3d 631, 646 (5th Cir.2013) *citing Hale v. Townley,* 45 F.3d 914, 916 (5th Cir.1995). An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).

With respect to excessive force, plaintiff alleges that defendant Taylor and "2 other officers" entered his cell and "assaulted me." (R. Doc. 1 at 4). No details are provided about these other two individuals, the nature of the "assault" and whether any injuries were incurred as a result of this incident. In addition, as referenced above, Plaintiff's Complaint is devoid of any factual allegations regarding defendant Njoku. Accordingly,

**IT IS ORDERED** that Plaintiff shall, **within 21 days from the date of this Order**, amend his Complaint by:

(1) Setting forth one comprehensive list of each person he is naming as a defendant in this matter;

(2) Stating facts, in separate sections, as to each of his claims (each section shall pertain to only one claim); and

(3) Stating how the pertinent named defendant(s) was personally involved in each claim.

**IT IS FURTHER ORDERED** that failure to amend the Complaint, as ordered, may result in dismissal of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on November 7, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**